■ SIDNEY M. ROTHSCHILD et al., Respondents, v. WORLD-WIDE AUTO-MOBILES CORPORATION et al., Defendants, and SAMUEL C. DRETZIN, Appellant. — Order, entered on or about July 22, 1965, herein appealed from, unanimously reversed, on the law, and the complaint as to appellant dismissed, with $30 costs and disbursements to the appellant. In the unverified complaint the fourth, fifth, eighth and ninth causes deal solely with appellant Dretzin. Many of the allegations of the first cause of action are incorporated by reference in these causes. It is alleged that Dretzin willfully interfered with and induced a breach of contract, that he induced others to conspire in restraint of trade, and that he willfully and maliciously engaged in certain acts contrary to public policy. Dretzin was a stockholder of defendants World-Wide Auto-mobiles Corporation (World-Wide) and Queensboro Motors, Inc. (Queensboro) and it is alleged in the complaint that he was an officer and director of both corporations. Basically, plaintiff complains that by reason of Dretzin's actions he was not given an automobile dealership by World-Wide in certain territory but was offered such opportunity in a more distant area. The initial territory would have been competitive with both World-Wide and Queensboro. The general principle is that when an officer or director acts on behalf of a corporation and within the scope of his authority, such director or officer "may not be held liable where his corporation has been allegedly induced by him to violate its contractual obligation" unless his activity involves separate tortious acts (*Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317, 319; *A. S. Rampell Inc.* v. *Hyster Co.*, 3 N Y 2d 369). There must be the intentional doing of the alleged wrongful act, in this case a claimed interference with contractual rights, without "legal or social justification" (*Hornstein* v. *Podwitz*, 254 N. Y. 443). Moreover, mere conclusory allegations of a conspiracy without a showing of unlawful or wrongful acts by Dretzin do not create a cause of action (*Jennings* v. *Burlington Inds.*, 19 A D 2d 877). On the allegations of the complaint Dretzin clearly had an economic interest in the outcome of the negotiations. The fact that as a stockholder he might derive some incidental benefit from a restriction of competition is not sufficient to establish that his predominant motive was to obtain an individual pecuniary benefit rather than advance the interests of the corporation which he served as an officer or director. More to the point is the fact that before there can be interference with a contract such contract must be shown to exist. As the record is read it indicates that plaintiff was approved not as a dealer but as a dealer prospect and prior to his eventual approval as a dealer certain things remained to be done. Any contention that there was an oral contract will not withstand examination. The alleged contract was too vague and indefinite. Terms, conditions and obligations of the respective parties were not agreed upon. It has been held that an oral contract to award an automobile dealership is too lacking in mutuality to support an action for damages for breach thereof (*Ford Motor Co.* v. *Kirkmyer Motor Co.*, 65 F. 2d 1001). The letter to plaintiff of the financial corporation appearing in the record, which referred to plaintiff corporation as "the holder of a * * * franchise", did not establish that status. Since such corporation could neither confer nor withhold the franchise, its belief, impression or even misconception, does not alter the reality. Concur — Rabin, J. P., Valente, Stevens, Steuer and Staley, JJ.