**In re George J. McKENNA, Bankrupt.**

**PARAMOUNT PICTURES CORPORATION, Plaintiff,**

v.

**George J. McKENNA, Defendant.**

**Bankruptcy No. 78 B 6246.**

United States Bankruptcy Court, N. D. Illinois, E. D.

April 28, 1980.

Joseph McDonald, Gary, Ind., for plaintiff.

Howard R. Weiss, Chicago, Ill., for defendant.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of PARAMOUNT PICTURES CORPORATION, Creditor of the above-named Bankrupt, pursuant to Section 17c(2) of the Bankruptcy Act, to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clause Eight of Section 17a of the Bankruptcy Act, and upon Bankrupt's Answer thereto, and upon the oral Motion of Defendant for dismissal made at the close of Plaintiff's case on the ground that upon the facts and the law the Plaintiff has shown no right to relief, and

The Court having examined the pleadings filed in this matter, and having received and examined the evidence adduced, and the Court having heard the arguments of counsel and being fully advised in the premises;

The Court Finds:

1. On or about September 14, 1976, a judgment was entered in the Lake Superior Court, at Gary, Lake County, Indiana, in favor of Plaintiff and against Bankrupt, Defendant therein, in Cause No. 476–1368 entitled *Paramount Pictures Corporation v. Highland Cinema, Inc. and George McKenna.* Said judgment provided in part as follows:

" . . . . .

Said defendants failing to appear or answer herein are three times audibly called in open court and come not, but herein wholly make default . . . ..

. . . . .

Thereupon this cause is submitted to court for hearing and trial without the intervention of a jury, and the court having heard and concluded the evidence and being duly advised in the premises, now finds for the plaintiff against defendants, Highland Cinema, Inc., and George McKenna, on Legal Paragraph 1 of the Complaint, for the sum of $1,760.83, as damages, together with all the costs herein; and the Court further finds for plaintiff against defendant, George McKenna, on Legal Paragraph 11 of the Complaint and finds that plaintiff is entitled to judgment against defendant, George McKenna, in the amount of $5,101.20, as damages, which damages were caused by George McKenna's conduct constituting willful and malicious injury to the property of the plaintiff.

IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED, by the Court that the plaintiff recover of and from the defendant, George McKenna,

the sum of $6,862.03, as damages, and of and from the defendant, Highland Cinema, Inc., the sum of $1,760.83, as damages, together with all the costs in this action, without relief from valuation or appraisal laws."

2. Plaintiff's, PARAMOUNT PICTURES CORPORATION, Complaint in said Cause No. 476–1368, filed on or about August 9, 1976, provided in part as follows:

"*Legal Paragraph 11*

Comes now plaintiff and for a further cause of action against defendant, George McKenna, states as follows:

1. That said defendant executed a certain check, a copy of which is attached hereto and made a part hereof and marked Exhibit 'A', in the amount of $1,200.40, which check was dishonored by the bank, as being 'NSF'.

2. That, by reason of the foregoing, and by operation of Indiana Codes and Statutes dealing with NSF checks, George McKenna is responsible to plaintiff for triple damages, to-wit: $3,601.20, plus reasonable attorney fees of $1,500.00; and the Indiana Codes and Statutes have established the liability of George McKenna to plaintiff as being a liability for willful and malicious damages and injury to the property of the plaintiff.

WHEREFORE, plaintiff prays for judgment against the defendant, George McKenna, in the sum of $5,101.20, plus Court costs, and for all other just and proper relief in the premises."

3. The Sheriff of Lake County, Indiana served upon Bankrupt, the defendant therein, a summons and a copy of the Complaint by certified mail, return receipt requested. Bankrupt, GEORGE J. McKENNA, had notice and an opportunity for a hearing in connection with the judgment obtained by Plaintiff on September 14, 1976.

4. Bankrupt filed his voluntary petition in bankruptcy on August 18, 1978.

The Court Concludes and Further Finds:

1. § 17a of the Bankruptcy Act provides in pertinent part as follows:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

. . . . .

(8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision."

2. Where a judgment has been entered in a non-bankruptcy court prior to the filing of a petition in bankruptcy, this Court's function and responsibility, upon proper Complaint, is to determine the dischargeability of debt evidenced by the judgment. Under the doctrine of res judicata, a judgment, even though obtained by default, is conclusive as to the cause of action upon which suit was based. The pre-bankruptcy judgment is res judicata upon the issue of liability but not upon the issue of dischargeability of debt, which constitutes a different cause of action, and which is the ultimate issue in this proceeding.

3. A default judgment, while res judicata as to the cause of action upon which suit was based, has no collateral estoppel effect in a subsequent suit based upon a different cause of action. § 68 of the Restatement of Judgments provides in part as follows:

" . . . . .

(2) a judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action."

Where judgment has been entered by default, there has been no actual litigation of issues. The Restatement of Judgments and the weight of authority hold that a default judgment has no collateral estoppel effect in subsequent litigation involving different causes of action. *In re McMillan,* 579 F.2d 289, 293 (3d Cir. 1978). *See Tutt v. Doby,* 459 F.2d 1195, 1199–1200 (D.C. Cir.1972); Restatement of Judgments, § 68, Comment f (1942); 1B Moore's Federal Practice ¶ 0.444[2], at 4006 (2d ed. 1974); *Developments in the Law—Res Judicata,* 65 Harv. L.Rev. 818, 839 (1952).

Consequently, while the judgment of the Lake Superior Court, at Gary, Lake County, Indiana, in the action entitled *Paramount Pictures Corporation v. Highland Cinema, Inc. and George McKenna*, contained a specific finding that the damages awarded to plaintiff were ". . . caused by George McKenna's conduct constituting willful and malicious injury to the property of the plaintiff . . .", the judgment was entered by default and is not conclusive in the instant action upon the issue of the willful and malicious nature of the acts of defendant herein as such issue relates to dischargeability of the debt from Bankrupt to Paramount Pictures Corporation.

4. This result is required by the general principles of law applicable to collateral estoppel and is also supported by considerations of federal policy in cases brought under the Bankruptcy Act. In *Re McMillan*, 579 F.2d 289 (3d Cir. 1978), one of the bankrupts' creditors sought a determination of nondischargeability under § 17a(2) of the Bankruptcy Act on the ground that the bankrupts had failed to disclose the full amount of their indebtedness when applying for a loan. At the hearing on the claim, the plaintiff introduced a pre-bankruptcy default judgment obtained in state court and sounding in fraud. The bankruptcy judge found that the judgment was not conclusive as to the elements of the § 17a(2) exception to discharge. As no other evidence relative to those elements was introduced, he found the debt to be dischargeable, and the district court affirmed. The Third Circuit Court of Appeals, in affirming the decision of the district court, pointed out that in 1970, § 17 was amended to vest exclusive jurisdiction in the bankruptcy court to determine the dischargeability of those debts described in subsections (2), (4), and (8) of § 17a of the Bankruptcy Act. The Court stated:

". . . [A]doption of the result urged upon us by the appellant—giving full collateral estoppel effect to all facts necessarily determined by a prior default judgment would in bankruptcy court determinations under § 17a(2)—

'. . . necessarily defeat a major federal policy of granting exceptions to discharge only in certain circumstances specified by the Bankruptcy Act . . . . The court also wishes to point out that creditors should not be encouraged to go into state courts prior to bankruptcy seeking default judgments based upon fraud. Such a circumstance would create an injustice greater than that which the 1970 amendments were intended to cure.'

"Opinion of the Bankruptcy Judge, Appendix at 45–46. . . ."

*In re McMillan*, 579 F.2d 289, 293 (3d Cir. 1978).

In light of the policy evidenced by the grant of exclusive jurisdiction in the 1970 amendments, it would be inappropriate to hold that under the doctrine of collateral estoppel the findings set forth in the pre-bankruptcy default judgment are conclusive in this proceeding on the issue of the willfulness and maliciousness of Bankrupt's acts. It has been suggested that the doctrine of collateral estoppel may not be applicable in bankruptcy court determinations under § 17c(2) even where the pre-bankruptcy judgment was entered after a full trial of the issues involved. *See In re Houtman*, 568 F.2d 651, 653–54 (9th Cir. 1978); Countryman, *The New Dischargeability Law*, 45 A.B.L.J. 1, 49 (1971); 1A Collier on Bankruptcy ¶ 17.16[6] at 1650.2 (14th ed. 1976).

5. The default judgment entered on September 14, 1976 in Cause No. 476–1368, entitled *Paramount Pictures Corporation v. Highland Cinema, Inc. and George McKenna*, and the findings therein are not sufficient to establish that the debt of Bankrupt, GEORGE J. McKENNA, to the Plaintiff, in the amount of $5,101.20, constitutes a liability for willful and malicious injury to the property of another within the meaning and purview of § 17a(8) of the Bankruptcy Act. No other evidence was offered by Plaintiff to establish the elements of that exception to discharge. Consequently, upon the facts and the law, the Plaintiff has shown no right to relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the oral Motion of Defendant for dismissal made at the close of Plaintiff's case on the ground that upon the facts and the law the Plaintiff has shown no right to relief be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Complaint of PARAMOUNT PICTURES CORPORATION, Creditor of the above-named Bankrupt, to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clause Eight of Section 17a of the Bankruptcy Act be, and the same is hereby denied and dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the debt of GEORGE J. McKENNA to PARAMOUNT PICTURES CORPORATION, Creditor of the above-named Bankrupt, evidenced by the judgment rendered on September 14, 1976 in the Lake Superior Court, at Gary, Lake County, Indiana, in Cause No. 476–1368, entitled *Paramount Pictures Corporation v. Highland Cinema, Inc. and George McKenna,* be, and the same is hereby declared dischargeable under Paragraph Three of Section 17c of the Bankruptcy Act.