**In re Ronald Lavern SCHUCK, Debtor.**

**Bonnie L. ECK, Plaintiff,**

**v.**

**Ronald Lavern SCHUCK, Defendant.**

**Bankruptcy No. 5–79–00936.**
**Adv. No. 5–80–0014.**

United States Bankruptcy Court,
M. D. Pennsylvania.

Nov. 4, 1980.

William P. Carlucci, Williamsport, Pa., for plaintiff.

Ambrose R. Campana, Williamsport, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on plaintiff's motion for summary judgment in regard to her complaint seeking a determination of the dischargeability of a debt.

The debtor filed a voluntary petition in bankruptcy on December 10, 1979, and listed only one creditor, the plaintiff Bonnie L. Eck, his former wife. The debt represents a judgment entered on an award of arbitrators in the amount of $1,590.00 in a trespass action in the Court of Common Pleas of Lycoming County in which the plaintiff sought damages in the amount of $1,740.00 for the alleged willful property damage to her trailer by the debtor.

The parties, previously husband and wife, were divorced in 1978. During their marriage they resided together in a mobile home purchased by Mrs. Eck. In April,

1978, Mrs. Eck left the home, but the debtor continued to reside there until sometime in June of 1978 when the trailer was sold to a third party. In the state court action, the plaintiff maintained that the sum received from the sale was far below the fair market value of the trailer due to its damaged condition which she attributes to the alleged willful and malicious conduct of the debtor.

In the present complaint, the plaintiff alleges that the conduct of the debtor constitutes "willful and malicious injury" to her property within the meaning of § 523(a)(6) of the Bankruptcy Reform Act of 1978 and the debt evidenced by the judgment is therefore not dischargeable.

An answer was filed in which all allegations were admitted except the charge of "willful and malicious injury".

On July 16, 1980, plaintiff filed a motion for summary judgment, supported by the pleadings and deposition on file, and affidavits attached to her motion.

A cross-motion for summary judgment has also been filed by the defendant.

Rule 56(c)[1] of the Federal Rules of Civil Procedure regarding summary judgment provides, in part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Accordingly, we must determine if there are any material issues of fact which would bar the granting of the plaintiff's motion and entitle her to judgment as a matter of law.

■ The moving party has the burden of showing the absence of any genuine issues as to all material facts applicable under his theory of law. And any doubt as to the existence of such an issue is resolved against the movant. *Underwater Storage Inc. v. United States Rubber Co.*, 371 F.2d 950, 953 (D.C.Cir.1966); cert. den. 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967). Even if the Court surmises that the opposing party is unlikely to prevail at trial, that by itself is not justification for granting summary judgment. In re *U.G.M. Corporation*, 2 Bankr.Ct.Dec. 1407 (1976) citing *Riss and Company v. Association of American Railroads*, 190 F.Supp. 10 (D.C.D.C.1960).

■ In the instant case, the Court finds that the present record including the judgment entered in Civil Action No. 79–1470 in the Court of Common Pleas of Lycoming County is not sufficient to establish that the debt of the bankrupt, Ronald Lavern Schuck, to the plaintiff in the amount of $1,590.00 constitutes a liability for willful and malicious injury to the property of another within the meaning and purview of Section 523(a)(6) so as to warrant the granting of summary judgment to the plaintiff within the guidelines set forth above; nor is the record sufficient to grant the defendant's cross-motion.

■ Willful and malicious injury by the debtor to the property of another is specifically excepted from discharge by Section 523(a)(6) of the Bankruptcy Reform Act of 1978. [11 U.S.C. § 523(a)(6)]. The legislative history is to the effect that in order to be declared nondischargeable, a debt for injury by the debtor to the person or property of another must be shown to have been deliberate or intentional, and not merely resulting from "reckless disregard".[2] The Bankruptcy Act of 1898 contained a similar provision in former 11 U.S.C. § 35(a)(8). In order to fall within the exception of 523(a)(6), the injury to an entity must have been willful and malicious. See *Collier on Bankruptcy*, 15th Edition, Volume 3, Section 523.16(1) at page 523–115.

---

1. Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings through Rule 756 of the Rules of Bankruptcy Procedure.

2. H.Rept. No. 95–595, p. 365, U.S.Code Cong. & Admin.News 1978, p. 5787, Bkr.L.Ed., Legislative History § 82:17.

■ Where, as in this case, a judgment has been entered in a non-bankruptcy court prior to the filing of a petition in bankruptcy, this Court's function and responsibility, upon proper complaint, is to determine the dischargeability of the debt evidenced by the judgment. *In re McKenna*, 4 B.R. 160 (Bkrtcy.N.D.Ill.1980). The pre-bankruptcy judgment is res judicata upon the issue of liability, but not upon the issue of dischargeability of the debt, which constitutes a different cause of action, and which is the ultimate issue in this proceeding. *In re McKenna*, supra, at page 162. Bankruptcy courts have exclusive jurisdiction to determine dischargeability. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

In *Brown v. Felsen*, supra, the Supreme Court held that a bankruptcy court was not barred by the doctrine of res judicata from inquiring into the nature of a debt to determine the dischargeability of the debt. In that case, the petitioner claimed the debt had been procured by fraud and was not dischargeable under Sections 17(a)(2) and (4) of the Bankruptcy Act. The Court stated, however, that if in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.[3]

The Court of Appeals for the Third Circuit discussed the issue of collateral estoppel in *McMillan, et al. v. Freedom Finance Co. Inc.*, 579 F.2d 289 (3rd Cir. 1978). The Court set forth four requirements in order for collateral estoppel to apply:

"(1) The issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment."

■ In the present case, in order to secure a finding of nondischargeability under Section 523(a)(6) for willful and malicious injuries to the person or property of another, the requisite knowledge and intent must be proven. *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143 (1st Cir. 1980) citing 1A Collier on Bankruptcy, (14th Ed.) ¶ 17.17 at 1652–53; *Den Haerynck v. Thompson*, 228 F.2d 72 (10th Cir. 1955). To consider such facts as willfulness and malice to be established by collateral estoppel, it must be shown that such facts were essential to the prior decision as a matter of law and thus necessarily determined to exist by the earlier tribunal. *In re Kasler*, 611 F.2d 308 (9th Cir. 1979).

In a recent case the phrase "willful and malicious injury" within the meaning of Section 523(a)(6) was discussed. *In re Hodges*, 4 B.R. 513 (Bkrtcy.W.D.Va.1980). The Court stated that "malicious" means intent to do harm, cannot be implied and no longer encompasses the looser standard under the Bankruptcy Act of "reckless disregard". Any act done unlawfully and maliciously was necessarily willfully done. But, the reverse does not necessarily follow; any act which is done willfully is not necessarily done maliciously. *In re Hodges*, supra, at page 515.

■ In support of her motion, plaintiff herein has submitted the pleadings in the state action, affidavits of herself and the three arbitrators in the state action, and the deposition of the defendant. Initially it can be said that the pleadings are not necessarily conclusive. *Peerson v. Mitchell*, 239 P.2d 1028 (Okl.1950) cert. den. 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652 (1951). The affidavit of the plaintiff does not establish the requisite "willful and malicious" conduct; nor do the affidavits of the arbitrators; they state that they found in favor of the plaintiff as a result of defendant's "willful damage" to plaintiff's trailer. As a rule, the courts are quite critical of the papers submitted by the moving party, but not of

---

**3.** *Brown v. Felsen*, 442 U.S. 127, at 139, n. 10, 99 S.Ct. 2205, at 2213, n. 10, 60 L.Ed.2d 767 (cites omitted).

the opposing papers. *Underwater Storage Inc. v. United States Rubber Co.*, supra. Finally, in the defendant's deposition he admits to only some of the items of damage, (N.T. 7, 12, 13), which he states he cleaned up, (N.T. 13), and he also reveals that the plaintiff was paid her share of those items which were sold (N.T. 13). Every act of conversion does not necessarily constitute willful and malicious injury to property, but there may be an innocent or technical conversion, or an unauthorized assumption of dominion without willfulness or malice. *In re Rutkowski*, 2 B.R. 677 (Bkrtcy.N.Y.1980).

The above falls short of the requisite elements mandated by Rule 56(c) in order to grant summary judgment to the plaintiff. Summary judgment is such a drastic procedure that it should be used sparingly so that no party having a scintilla of merit to his claim or defense should be denied his day in court. *Manok v. Southeast District Bowling Association*, 306 F.Supp. 1215 (D.C.Colo.1969); *Vogelstein v. National Screen Service Corp.*, 204 F.Supp. 591 (E.D.Pa.1962).

Likewise, the record is insufficient to establish that the defendant is entitled to summary judgment as a matter of law. The defendant's cross-motion is based upon the alleged absence of an award of punitive damages to the plaintiff in the state court. However, the copy of the Notice of Award attached to the plaintiff's complaint contains no breakdown of the damages awarded, whether compensatory or punitive.

Accordingly, the plaintiff's motion for summary judgment and the defendant's cross-motion are both denied.

This opinion constitutes findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.