**In re Phyllis N. FIEDLER, Debtor.**

**Richard J. WINKLEMAN, Plaintiff,**

v.

**Phyllis N. FIEDLER, Defendant.**

**Bankruptcy No. 5–81–00081.**

**Adv. No. 5–81–0170.**

United States Bankruptcy Court, M.D. Pennsylvania.

June 29, 1982.

H. Amos Goodall, Jr., Miller, Kistler & Campbell, Inc., Bellefonte, Pa., for plaintiff.

Lee H. Roberts, Lock Haven, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this Adversary Proceeding, Plaintiff, Richard J. Winkleman, seeks to have his debt of $4,500 excepted from the discharge of the Defendant, Phyllis N. Fiedler, the debtor.

Plaintiff's complaint sets forth that he is entitled to this relief by virtue of Section 523(a)(6) of the Bankruptcy Code, 11 U.S. C.A. This section excepts from a discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Defendant's answer amounted to a general denial of the allegations of Plaintiff's complaint.

Prior to trial of this matter, the parties submitted the following "Final Statement of Stipulated Facts:"

"Prior to November 17, 1978, Phyllis Fiedler and Richard J. Winkleman were residing together at the residence of Richard J. Winkleman at R.D. # 2, Mill Hall, Pennsylvania. They had an oral argument and disagreement and Phyllis Fiedler decided that she would remove herself from the premises. She then requested that the Plaintiff, Richard J. Winkleman, return her personal possessions to her as a result of

their separation. Phyllis Fiedler then went to Magistrate Kermit A. Dietrich and requested advice on how she could obtain the return of her items.

"This occurred on November 17, 1978. Magistrate Dietrich issued a search warrant of the premises and directed that Constable D.G. Reinhold go to the premises with the Defendant so that she could obtain the return of her personal possessions. Both parties, along with several others, entered the Plaintiff's home and removed the personal possessions of the Defendant.

"In the course of the removal of the items, the Plaintiff returned to his home and was advised by the Constable to remain seated while the Defendant removed her personal possessions. The Constable pushed him into a chair. The premises were entered with a key that was in possession of the Defendant.

"The Plaintiff filed suit in Federal District Court against Magistrate Kermit Dietrich, D.G. Reinhold and Phyllis Fiedler. A settlement was reached with the Magistrate and the Constable prior to the hearing in the amount of One thousand five hundred ($1,500.00) dollars, together with written apologies signed by these individuals. Copies of these documents are attached hereto.

"The Plaintiff filed suit in State Court in Clinton County on March 26, 1979. A copy of the Complaint is attached hereto. A ten (10) day notice of proposed default was filed on September 4, 1980, and a default judgment was entered against Defendant, Phyllis N. Fiedler, on September 17, 1980. Damages were assessed against the Defendant on January 21, 1981 when the Defendant, Phyllis Fiedler, appeared in Court without counsel, believing that she was contesting liability, and, in fact, she was already found liable and was only subject to the assessment of damages. Damages were assessed against the Defendant for Four thousand five hundred ($4,500.00) dollars.

"The Defendant filed a Petition in Bankruptcy on February 9, 1981 alleging that she has no assets in her name and her only liability is the judgment against her for Four thousand five hundred ($4,500.00) dol-

lars. She is employed at minimum wage at Jersey Shore Foot Wear. Her only other asset is a 1974 Buick Apollo which has an approximate value of Two thousand ($2,000.00) dollars and there is a loan to Fidelity National Bank of Pennsylvania against the Buick for Nine hundred fifty ($950.00) dollars. She has approximately Two hundred ($200.00) dollars in other personal items. She resides in a rented home that is furnished."

Testimony taken in the proceeding at bar established that the litigants had lived together in a somewhat stormy relationship over a period of four years. During that time, the Defendant had left the Plaintiff on numerous occasions for various periods of time. Plaintiff had abused her on numerous occasions, especially when he had "quite a bit of drink in him." (N.T., p. 47). She fled the home in fear that in his "anger not realizing his own strength, he would do me very much harm, possibly even kill me." (N.T., pp. 49–50). On one occasion, the Plaintiff threatened to kill Defendant at the time he was choking her. (N.T., p. 50). Defendant made the decision to go to the Magistrate's Office because of Plaintiff's extreme violence and the threat to her life. (N.T., p. 56). She concluded that she needed protection to go to Plaintiff's home to remove her belongings.

## DISCUSSION

Generally, exceptions to dischargeability of a debt are construed strictly against a creditor's objections and liberally in favor of the debtor. *Hennessy Cadillac, Inc. v. Green (In Re Green,* 5 B.R. 247 (Bkrtcy.N.D.Ga.1980).

The burden of proof on objections to discharge is upon the Plaintiff as provided by Rule 407, Rules of Bankruptcy Procedure, which states: "At the trial on a complaint objecting to discharge, the Plaintiff has the burden of proving the facts essential to his objection."

Willful and malicious injury by the debtor to the property of another is specifically excepted from discharge by Section

523(a)(6) of the Bankruptcy Reform Act of 1978. 11 U.S.C. § 523(a)(6). The legislative history is to the effect that in order to be declared non-dischargeable, a debt for injury to the person or property of another must be shown to have been deliberate or intentional and not merely resulting from "reckless disregard." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The Bankruptcy Act of 1898 contained a similar provision in former 11 U.S.C. § 17(a)(8). In order to fall within the exception of § 523(a)(6), the injury to an entity must have been willful and malicious. 3 Collier on Bankruptcy ¶ 523.16(1), at 523–115 (15th ed. 1978).

■ Where, as in this case, a judgment has been entered in a non-bankruptcy court prior to the filing of a petition in bankruptcy, this Court's function and responsibility, upon proper complaint, is to determine the dischargeability of the debt evidenced by the judgment. *Paramount Pictures Corporation v. McKenna (In re McKenna)*, 4 B.R. 160 (Bkrtcy.N.D.Ill.1980). The pre-bankruptcy judgment is res judicata upon the issue of liability, but not upon the issue of dischargeability of the debt, which constitutes a different cause of action, and which is the ultimate issue in this proceeding. *Paramount Pictures, supra*. Bankruptcy courts have exclusive jurisdiction to determine dischargeability. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

In *Brown v. Felsen, supra*, the Supreme Court held that a bankruptcy court was not barred by the doctrine of res judicata from inquiring into the nature of a debt to determine its dischargeability. In that case, the petitioner claimed the debt had been procured by fraud and was not dischargeable under Sections 17(a)(2) and (4) of the Bankruptcy Act. The court stated, however, that if in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of Section 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues

in the bankruptcy court. *Brown, supra*, 442 U.S. 139 n. 10, 99 S.Ct. at 2213 n. 10.

The Court of Appeals for the Third Circuit discussed the issue of collateral estoppel in *McMillan v. Freedom Finance Co., Inc.*, 579 F.2d 289 (3rd Cir.1978). The Court set forth four requisites for collateral estoppel to apply:

"(1) The issue sought to be precluded must be the same as that involved in the prior action;

(2) That issue must have been actively litigated;

(3) It must have been determined by a valid and final judgment; and

(4) The determination must have been essential to the prior judgment."

■ In the present case, in order to secure a finding of nondischargeability under Section 523(a)(6) for willful and malicious injury to the person or property of another, the requisite knowledge and interest must be proven. *Commonwealth of Mass. v. Hale*, 618 F.2d 143 (1st Cir.1980). To consider such facts as willfulness and malice to be established by collateral estoppel, it must be shown that such facts were essential to the prior decision as a matter of law, and thus, necessarily determined to exist by the earlier tribunal. *Industrie Aeronautiche E. Meccaniche Rinaldo Piaggio S.p.A. v. Kasler*, 611 F.2d 308 (9th Cir. 1979). In two recent cases, default judgment in state courts were held not to preclude subsequent bankruptcy court determinations of the dischargeability of an individual judgment debtor on grounds of res judicata or collateral estoppel. *Phase I Incorporated v. Black (In re Black)*, 18 B.R. 534 (Bkrtcy.D.N.M.1982); *Burton v. Raposa (In Re Raposa)*, 18 B.R. 448 (Bkrtcy.D.Mass. 1982).

Here we are confronted with a situation where the parties advised that the only issue litigated to any extent was that of damages. Liability arose by Defendant's default.

In a recent case, the phrase "willful and malicious injury" within the meaning of § 523(a)(6) was discussed. *Grand Piano &*

*Furniture Co. v. Hodges (In re Hodges),* 4 B.R. 513 (Bkrtcy.W.D.Va.1980). The court stated that "malicious" means intent to do harm; it cannot be implied and no longer encompasses the looser standard under the Bankruptcy Act of "reckless disregard." Any act done unlawfully and maliciously was necessarily willfully done. But, the reverse does not necessarily follow, any act which is done willfully is not necessarily done maliciously. *Grand Piano, supra,* at 515.

It is difficult to understand how Defendant's conduct can be construed as intending to do harm under any circumstances. She was acting in fear of her life and used what she considered her best judgment to recover her belongings in the safest way possible. The evidence falls far short of establishing the requisite element of "malicious injury" in order to secure a finding of non-dischargeability under § 523(a)(6) of the Bankruptcy Code. The debt in question must be considered dischargeable.

This opinion constitutes findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.