**In re Gary JOSEPH, Debtor.**

**William L. KRAMER, Plaintiff,**

v.

**Gary JOSEPH, Defendant.**

**Bankruptcy No. 181–12049–21.**
**Adv. No. 182–0120–21.**

United States Bankruptcy Court,
E. D. New York.

Aug. 4, 1982.

Irving L. Schuh, Great Neck, N. Y., for debtor-defendant; Jonathan L. F. Silver, New York City, of counsel.

Max E. Greenberg, Cantor & Reiss, New York City, for plaintiff; Scott N. Singer, New York City, of counsel.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

William L. Kramer, the plaintiff herein, is the receiver of Welm Construction Corp. ("Welm"), which is in dissolution. He brought this adversary proceeding to establish the nondischargeability of a debt owed Welm by the debtor, Gary Joseph. He alleges the debt to be nondischargeable under 11 U.S.C. § 523(a)(6), which exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Plaintiff's complaint sets forth, and defendant's answer admits, that a judgment by default was entered in favor of Welm against the defendant in New York State Supreme Court, Queens County, on June 29, 1979 in the amount of $389,775.59. The complaint, which resulted in this judgment, contained three causes of action:

The first cause of action against Bell Development Corp. ("Bell") alleged that Bell, a developer, and Welm, a general contractor, had entered into an agreement whereby Welm, in consideration of the sum of $1,460,000, would construct a 200-bed senior residence in Rockaway, New York, and that Bell subsequently breached this contract by entering into contracts with other contractors.

The second cause of action alleged that the individual defendants, including Gary Joseph, were "officers, directors and/or stockholders of the defendant Bell Development Corporation" or held "some * * * financial interest in said corporation or in the project aforesaid." It further alleged that the individual defendants with knowledge of the existence of the agreement between Welm and Bell "deliberately, willfully, knowingly, wrongfully, intentionally and without reasonable justification procured the breach of the agreement between Bell Development Corp. and plaintiff with the intent of depriving plaintiff of its rights under the aforesaid agreement * * *."

The third cause of action alleged that the individual defendants had conspired with the owners and mortgagee of the property on which the residence was to be built to secure the breach of the contract between Welm and Bell.

In this Court at the trial of this adversary proceeding, the plaintiff stated that he was resting on the pleadings. The defendant then moved to dismiss, reserving the right to proceed with his case, if the motion were not granted.

## DISCUSSION

The issue as to the effect to be given a prior judgment in a state court in a subse-

quent dischargeability proceeding was exhaustively examined in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). That case establishes that in determining whether a debt previously reduced to judgment is discharged in bankruptcy, the doctrine of *res judicata* is inapplicable and does not bar reexamination of the issues previously decided.

Left open by the Supreme Court was the scope to be given the companion doctrine of collateral estoppel, or what the *Restatement of Judgments (2d)* terms "issue preclusion." [1] With reference to that doctrine, the Supreme Court said in a significant footnote:

"Whereas *res judicata* forecloses all that which might have been litigated previously, *collateral estoppel* treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then *collateral estoppel*, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." (Footnotes omitted.) 442 U.S. at 139 n.10, 99 S.Ct. at 2213 n.10.

■ There are significant differences of opinion respecting precisely what these words signify, but it is not necessary to resolve these difficult questions in this case because a default judgment, like the one here involved, does not give rise to collateral estoppel. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981); *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, 145–46 (1st Cir. 1980); *Matter of McMillan*, 579 F.2d 289, 293 (3d Cir. 1978); *In re McKenna*, 4 B.R. 160, 162 (Bkrtcy.N.D.Ill.1980); *In re Iannelli*, 12 B.R. 561 (Bkrtcy.S.D.N.Y. 1981). This is because the "relevant issue [must have been] actually litigated and determined in the prior" proceeding. *Trans-World Airlines, Inc. v. Hughes*, 449 F.2d 51, 58 (2d Cir. 1971) (*quoting Lawlor v. Nation-*

*al Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955)). Discussing issue preclusion, the *Restatement of Judgments (2d)* observes:

"In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Id.* at 257.

As the Supreme Court said in an analogous situation, refusing to apply the doctrine of *collateral estoppel* to a judgment by consent:

"[U]nless we can say that they [the earlier judgments] were in adjudication of the merits, the doctrine of *estoppel* by judgment would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits." *United States v. International Building Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953).

■ The plaintiff suggests that even if the state court judgment is not conclusive, it should establish a *prima facie* case. The Court cannot improve on the language with which two bankruptcy courts have rejected just such an argument:

"The state court record does not establish a *prima facie* case where it is based on a default judgment .... To allow a default judgment to have even the limited effect of forcing the defendant to rebut a *prima facie* case of fraud would defeat a major objective of the 1970 revision of the Bankruptcy Act which granted to the bankruptcy court jurisdiction to determine the question of dischargeability." *In re Wong*, 5 BCD 222, 225 (B.C.D.Ore. 1979) (*quoted in In re Iannelli, supra*, at 565).

Since the plaintiff herein has elected to put in no proof other than the state court judgment and the complaint upon which it

---

1. Section 27 of the *Restatement of Judgments (2d)* states the doctrine as follows: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and

the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or similar claim." *Id.* § 27.

rested, it would appear to follow that he has failed to establish a *prima facie* case. *Matter of McMillan, supra; In re Iannelli, supra; In re Wong, supra; In re McKenna, supra.*

The cases relied on by the plaintiff are not in point. The authority of *In re Minsky,* 46 F.Supp. 104 (S.D.N.Y.1942) has been totally eroded by *Brown v. Felsen, supra,* and can no longer be deemed good law. None of the other cases cited by plaintiff involved default judgments.

But even if the state court complaint and judgment were given *prima facie* effect, it would not avail plaintiff because the allegations of the state court complaint do not contain all the elements essential to establish the nondischargeability of Gary Joseph's debt. For a debt to be dischargeable under 11 U.S.C. § 523(a)(6), the party opposing discharge must establish the existence of "willful and malicious injury." Neither the second, nor third, causes of action in the state court pleaded *malicious* injury. *Cf. In re Kearney Chemicals,* 468 F.Supp. 1107, 1110 (D.Del.1979) (where the complaint included the word "maliciously"). For the state court judgment to establish *prima facie* the elements essential to make a debt dischargeable under 11 U.S.C. § 523(a)(6), the state court complaint must allege a cause of action sounding in tort for willful and malicious injury. To this Court, the state court complaint fails to do so. Fatal to the tort attempted to be alleged in the second and third causes of action is the allegation that Joseph was an officer, director, or stockholder of Bell at the time Bell breached its contract with plaintiff. Officers and directors of a corporation are not liable for inducing the corporation to breach a contract. *Gulickson v. Forest,* 290 F.Supp. 457, 468 (E.D.N.Y.1968) (*citing Rothschild v. Worldwide Automobiles Corp.,*

24 A.D.2d 861, 264 N.Y.S.2d 705 (1st Dep't 1965); *Greyhound Corp. v. Commercial Cas. Ins.,* 259 App.Div. 317, 19 N.Y.S.2d 239 (1st Dep't 1940). While this immunity is not absolute,[2] the privilege protects officers and directors who act within the scope of their authority.[3] *Gulickson v. Forest, supra; Greyhound Corp. v. Commercial Cas. Ins., supra,* 19 N.Y.S.2d at 242. Otherwise, every corporate breach of contract would lay the corporation's officers open to individual tort liability.

The cause of action for intentional interference with contractual relations is one that lies against third parties, *i.e.,* strangers to a contract. *Restatement (Second) of Torts* § 766 (1979). An officer or director of a corporation who acts within the scope of his authority for the corporation and not on his own behalf, is not a third party. To hold him liable in tort for the corporation's breach of contract, additional facts are required which are nowhere pleaded in plaintiff's state court complaint, as, for example, that Joseph acted for his own benefit or outside the scope of his authority.

The third cause of action in the state court proceeding was similar to the second, except that the act alleged was conspiracy to procure a breach of contract. This allegation also falls short of establishing an act which was done maliciously. When officers and directors of a corporation conspire to breach a contract, they are not individually liable where they acted in the interest of the corporation, did not exceed their authority, and did not act with the purpose of benefiting themselves rather than the corporation. 20 *N.Y.Jur.2d* § 9 (1982). Absent allegations from the state court pleading that Joseph acted in bad faith, or for his own benefit, or beyond the scope of his

---

**2.** Officers and directors who convert goods for their own use have been held personally liable because the officer clearly is not acting on behalf of the corporation, but for his own interest against the corporation. *Navarro v. Fiorita,* 271 App.Div. 62, 64, 62 N.Y.S.2d 730, 732 (1st Dep't 1946). Similarly, officers can be held liable for separate tortious acts such as trespass and fraud. *See Greyhound Corp. v. Commercial Cas. Ins., supra.*

**3.** New York has also recognized that a major stockholder is privileged to interfere with a contract in order protect his economic interest in that corporation. *Felsen v. Sol Cafe Mfg. Corp.,* 24 N.Y.2d 682, 301 N.Y.S.2d 610 (1969).

authority, that pleading does not establish *prima facie* the tort of willful and malicious injury.

For the foregoing reasons, the defendant's motion to dismiss is granted.

Settle judgment.