**In the Matter of James T. HOLMES, d/b/a the Holmes Company and Bertha June Holmes, his wife, Debtors.**

**WSE WAREHOUSE, Plaintiff,**

**v.**

**James T. HOLMES, d/b/a the Holmes Company, Defendant.**

**Bankruptcy No. 81–00007, 81–00105. Adv. No. 81–0351.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 31, 1985.

Gary Philip Nelson, Pittsburgh, Pa., for plaintiff.

Richard T. Ruth and Joseph J. May, Erie, Pa., and Floyd Leon Arbogast, Jr., Pittsburgh, Pa., for debtor.

R. Perrin Baker, Erie, Pa., pro se for Trustee.

Kenneth D. Chestek, and Chestek and Bax, Erie, Pa., for petitioning creditors.

## ORDER DENYING ACTION TO DETERMINE DISCHARGEABILITY OF DEBTS

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

In this action of WSE Warehouse to determine the $6,407.00 total of seven of the debtor's checks which were returned for insufficient funds nondischargeable, one of the checks was dated June 15, 1979 and the other six between April 19, 1980 and June 25, 1980.

The plaintiff obtained a default judgment for the amount of the checks in an action of trespass in Allegheny County February 27, 1981 after the bankruptcy filings as follows: an involuntary petition filed January 8, 1981 consolidated March 19, 1981 with debtors' voluntary Chapter 13 petition filed February 25, 1981, and hence is void as it was obtained without the permission of the Bankruptcy Court in violation of the automatic stay provisions of 11 U.S.C. Section 362.

The complaint in the foregoing trespass action averred that the husband debtor knew there were insufficient funds in the bank to cover the checks when he issued them and that they would be dishonored when they reached the bank, but the default judgment is not res judicata of the debtor's fraud or intention to deceive the creditor as it was a nullity because in violation of 11 U.S.C. Section 362 and because an action to determine dischargeability is a different cause of action than the one required to establish liability on checks, and as a finding of non-dischargeability is within the exclusive jurisdiction of the bankruptcy court, an action for same can only be brought in such bankruptcy court: *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), *McMillan v. Freedom Finance Co., Inc.*, 579 F.2d 289 (3 Cir.1978) and *In re Fiedler*, 28 B.R. 28, 31 (Bkrtcy.M.D.Pa.1982). The Third Circuit Court of Appeals said in the McMillan case supra, that for the doctrine of res judicata or collateral estoppel to apply, the issue sought to be precluded must be the same, that issue must have been actively litigated and determined, it must have been determined in a final and conclusive judgment, and the determination must have been necessary to the prior judgment. The holding is especially applicable to the instant situation in which fraud and intention to deceive are not essential elements adjudicated by the default judgment for the amounts of the checks.

Reasonable reliance by the creditor on the alleged misrepresentation of the debtor is a necessary ingredient to a determination of non-dischargeability as held in *In re Hunt*, 30 B.R. 425 (D.C.M.D.Tenn. 1983), *In re Fitzsimmons*, 725 F.2d 1208, 1209 (9 Cir.1984), *In re Kunec*, 27 B.R. 650, 652 (Bkrtcy.M.D.Pa.1982), and *In re Bullock*, 41 B.R. 637 (Bkrtcy.E.D.Pa.1984), and that the plaintiff did not rely on any implied representation that the debtor had sufficient funds in the bank to cover the checks is dramatically illustrated by the fact that it continued to make sales of the parts and equipment after the successive dates on which the seven checks were returned. Thus the elements of the creditor's reliance on the misrepresentations and the debtor's intention to deceive were not only not adjudicated by the default judgment for his liability for the amounts of the checks, but neither of said requisite elements of reliance or intention to deceive would be before us under any fresh analysis we could make of the merits of the case.

See also *Girard Bank v. Hancock Mutual Life Assurance Co.*, 524 F.Supp. 884 (D.C.Pa.1981) and other cases holding the delivery of a check returned for insufficient funds is by itself insufficient to sus-

tain a determination of nondischargeability: *In re Hunt,* 30 B.R. 425, supra and *In re Sutton,* 39 B.R. (Bkrtcy.M.D.Tenn.1984), *In re Montbleau,* 13 B.R. 47 (Bkrtcy.D. Mass.1981), and many others.

It is ORDERED for the foregoing reasons that the within action to determine the debtor's liabilities on the checks in question non-dischargeable be, and the same hereby is, dismissed.