David D. Himlie, of DuFour, Hackley & Himlie, P.A., Minneapolis, Minn., and Leroy F. Werges, Minneapolis, Minn., for plaintiff.

Gerald W. Hauser, pro se.

**In re Gerald W. HAUSER, Debtor.**

**GLOBAL PLASTICS, INC., a Minnesota corporation, Plaintiff,**

v.

**Gerald W. HAUSER, individually, Defendant.**

**Bankruptcy No. 4–84–2077.**
**Adv. No. 4–85–36.**

United States Bankruptcy Court, D. Minnesota.

Aug. 30, 1985.

## ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for pretrial before the undersigned Judge on August 7, 1985. At the pretrial, in discussion of witness and exhibit lists, the issue of the applicability of collateral estoppel to this case was raised. Counsel for Plaintiff and Debtor pro se briefed the issue to the Court.

This is a dischargeability case in which Global Plastics, Inc., (Plaintiff) objects to the discharge under 11 U.S.C. § 523(a)(2) of its debt due from Defendant/Debtor (Debtor). This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334 and § 157 and the Order of Reference of the District Court of July 27, 1984.

Debtor's debt to Plaintiff arose from alleged purchases by Debtor's company from Plaintiff of polyethylene sheeting. Allegedly, the Debtor's company never paid for the sheeting. Plaintiff asserts that Debtor falsely represented his company's financial standing to Plaintiff as that status was shown in Debtor's company's Dunn & Bradstreet report and but for the Dunn & Bradstreet report, Plaintiff would not have filled Debtor's company's order. Debtor denies these allegations and further denies

Plaintiff's legal ability to pierce the corporate veil and reach Debtor individually.

Plaintiff commenced a lawsuit in Hennepin County, Minnesota, prior to Debtor's bankruptcy filing against Debtor and Debtor's company. The suit was tried and a jury reached a verdict in favor of Plaintiff prior to the bankruptcy proceeding. The jury's special verdict form had the jury answer a series of questions relating to the legal issues in the case.

As to damages, the jury found that $19,-000 would "fairly and reasonably compensate Global for damages approximately resulting from a breach of contract by Hauser Corporation".

As to the issues of misrepresentation and fraud, the jury found:

Question 3. Did Gerald Hauser represent to Global, prior to its extending credit to Hauser Corporation that:

a. he would see to it that plaintiff was paid if credit was extended to Hauser Corporation?

Answer: Yes

b. Hauser Corporation's sales were in excess of a million dollars a year?

Answer: Yes

Question 4. If you answered one or both of the subdivisions of question 3 "Yes", then answer the following corresponding question:

Was such representation false:

a. as to Question 3a? Answer: No

b. as to Question 3b? Answer: Yes

IF YOU ANSWERED QUESTION 4a AND/OR QUESTION 4b "YES", THEN ANSWER EACH OF THE FOLLOWING QUESTIONS NUMBERED 5 THROUGH 11.

Question 5. Was the representation a material fact which would naturally affect the conduct of the party addressed?

Answer: Yes

Question 6. Did Mr. Hauser know the representations to be false, or in the alternative, did he assert it as of his own knowledge without knowing it was true or false?

Answer: Yes

Question 7. Did Mr. Hauser intend to have Mr. Kopstein induced to act upon it?

Answer: Yes

Question 8. Did Mr. Kopstein act in reliance upon the representations?

Answer: Yes

Question 9. Was Mr. Kopstein justified in acting upon the representations?

Answer: Yes

Question 10. Did Global suffer damage?

Answer: Yes

Question 11. Was the representation a proximate cause of damage to Global?

Answer: Yes

Counsel for the Plaintiff urges the Court to find that Debtor is now collaterally estopped from offering evidence re damages and/or fraud and/or falsity in this dischargeability trial. Debtor argues that all issues should be retried.

The U.S. Supreme Court case of *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), held that a bankruptcy court is not limited by *res judicata* to a review of a prior state court judgment and record when determining the dischargeability of a debt. The case did not decide the applicability of collateral estoppel to a dischargeability case. *Supra* at 442 U.S. 140, 99 S.Ct. 2213.

■ For collateral estoppel to be applied in a case, the following requirements must be met:

(1) the issues sought to be precluded must be the same as that involved in the prior action;

(2) the issues must have been actually litigated;

(3) the issues must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the final judgment.

*North Central Wool Marketing Corporation v. Carothers (In re Carothers)*, 22 B.R. 114 (Bktcy.D.Minn.1982); *Masloski v. LaCasse (In re LaCasse)*, 28 B.R. 214 (Bktcy.D.Minn.1983). *Schwartz v. Ren-*

*ville Farmers Co-op Credit Union, (In re Schwartz)*, Civ. No. 3–83–920 (D.Minn. January 31, 1981). These post *Brown v. Felsen* cases in Minnesota indicate that collateral estoppel should not be applied as to allegations of fraud or falsity. These Minnesota court decisions do not apply collateral estoppel as to fraud allegations to be tried in bankruptcy court on two bases. (1) The state court and bankruptcy court apply different standards of proof to fraud allegations. (2) The level of intent required to establish bankruptcy fraud is different from that required to establish fraud in state court. The state court, in a civil case, uses the preponderance of evidence standard. The bankruptcy court uses the clear and convincing evidence standard. To determine fraud at the state court level, simple negligent misrepresentation will suffice. To find fraud at the bankruptcy court level requires an intent to deceive. *In re Schwartz, supra.* Therefore, for both reasons—the differing standard of proof and the different intent requirements—there can be no collateral estoppel applied as to the fraud issues in this case.

 However, Plaintiff argues that as to the damages issues that the state court judgment should have established the damage claim for purposes of this nondischargeability trial. I think this is correct. The bankruptcy court's job in a nondischargeability case is to determine the dischargeability of a debt. In this case, the debt which Plaintiff alleges is nondischargeable is evidenced by a judgment already entered in a state court. Therefore, damages should not be retried. *Eck v. Schuck (In re Schuck)*, 13 B.R. 461 (Bktcy. N.D.Penn.1980); *In re McKenna*, 4 B.R. 160 (Bktcy.N.D.Ill.1980).

All of the case law I was able to find in regard to the standard of proof in nondischargeability cases seems to indicate that for purposes of § 523(a)(2), § 523(a)(4) and § 523(a)(6), the standard of proof of fraud is by clear and convincing evidence. Nowhere do I find in any case law that the standard of proof as to any other issues is by clear and convincing evidence.

In this case, it would appear that all the elements of collateral estoppel have been met as to the state court finding re damages. The issue was presented to the jury, was actually litigated and a valid judgment was entered. The issue of damages was an essential part of the state court case. As stated above, determination of damages by a fair preponderance of the evidence is the same standard as that used in bankruptcy court.

ACCORDINGLY, IT IS ORDERED that:

1. The motion of the Plaintiff, Global Plastics, Inc., for an order precluding evidence at trial upon the issue of damages owed by Defendant to Plaintiff in this case other than the prior state court judgment is granted.

2. That the Court finds that the debt owed to Plaintiff by Defendant as of the date of the alleged fraud is $19,000.

3. That all other motions of Plaintiff and Defendant are denied.