■ JULIAN J. ROBERTS, Respondent, v. IRVING N. FINKEL et al., Appellants.— Order, Supreme Court, New York County, entered December 3, 1973, denying defendants' motion to dismiss complaint for failure to state a cause of action, unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs and without disbursements, and with leave to plaintiff to apply at Special Term for permission to serve an amended complaint within 30 days after service upon him by defendants-appellants of a copy of the order entered herein, with notice of entry. Plaintiff, former executive vice-president of the nonprofit corporate defendant, brings this action against the corporation and three of its alleged officers for damages arising from alleged tortious conduct of the defendants leading to his discharge. The summons states the object of the action to be "to recover damages for slander, fraud, interference with contractual relations, conspiracy, and prima facie tort". While the complaint contains allegations which might be appropriate to some or all of the foregoing, they are pleaded in the form of a single cause of action contrary to the mandate of CPLR 3014. As alleged in the present complaint, the damages seem to be attributed to the alleged defamation and the particular words claimed to have been uttered by the individual defendants are not set forth as required by CPLR 3016 (subd. [a]). Ordinarily, officers of a corporation are not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract absent a sufficient showing of independently tortious conduct (*Stillman* v. *Ford*, 22 N Y 2d 48, 54; *Potter* v. *Minskoff*, 2 A D 2d 513; *Janoff* v. *Sheepshead Towers*, 22 A D 2d 950, affd. 16 N Y 2d 949). Aside from bare legal conclusions, the present complaint fails to make such a showing. If the plaintiff intends to rely on the prima facie tort theory, "he should confine his pleading to allegations of fact and averments of special damage limited to this tort and eliminate any statement of wrongdoing and injury appropriate to one or more of the traditional torts. If, on the other hand, the plaintiff intends to add a claim for damages based on any of the traditional torts, each such tort should be pleaded as a separate cause of action and the resultant damage or injury separately stated. * * * The complaint should only allege the ultimate facts constituting each separate wrong, and not legal conclusions." (*Brandt* v. *Winchell*, 283 App. Div. 338, 342, 343; *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170.) While rules of pleading have been substantially liberalized, "it is clear that, under the Civil Practice Law and Rules, the statements in pleadings are still required to be factual, that is, the essential facts required to give 'notice' must be stated. * * * Nevertheless, a party may supplement or round out his pleading by conclusory allegations or by 'stating legal theories explicitly' if the facts upon which the pleader relies are also stated." (*Foley* v. *D'Agostino*, 21 A D 2d 60, 63.) Concur — McGivern, P. J., Nunez, Kupferman, Lupiano and Macken, JJ.