■ VINCENT K. MURTHA, Respondent, v YONKERS CHILD CARE ASSOCIATION, INC., et al., Appellants, et al., Defendant.—In an action to recover damages predicated on theories of breach of contract and conspiracy to interfere with that contract, the appeal is from a judgment of the Supreme Court, Westchester County, dated August 26, 1976, which is in favor of the plaintiff-respondent and against the defendants-appellants. Judgment reversed, on the law, with costs, and complaint dismissed. The findings of fact have not been affirmed. There was an utter failure of proof on the part of the plaintiff to show that the corporate defendant breached his employment contract or that the other defendants conspired to breach that contract. Rather, the record reveals that plaintiff was properly discharged, after he, on the advice of his attorney, had failed to attend a hearing held to inquire into an allegation of fraud which the corporate defendant had leveled against him. While we agree with plaintiff that he did not commit the fraud, because of his belief that under the contract he was entitled to use the funds in question for life insurance, he nevertheless admitted that he never read the contract, but merely based his supposition on what he believed had been agreed to during the negotiations prior to the signing of the agreement. However, the contract clearly and unambiguously states that he would be entitled to only up to $1,000 for *health and disability* insurance. Accordingly, the defendants committed no wrong in calling for the hearing to inquire into the matter when it was discovered that he had used the bulk of the moneys to obtain life insurance. As such, he was properly discharged, for cause, since his failure to attend the hearing, after his application to the Supreme Court for an order staying the hearing was denied, itself constituted a waiver and a breach of the contract. Furthermore, the record is bereft of any adequate evidence of malice toward the plaintiff by the individual defendants. While the record demonstrates that they were greatly dissatisfied with the plaintiff's performance, and did seek an opportunity to have him discharged, they did so by seeking the aid of counsel and in order to protect, they believed, the work of the corporate defendant. But none of their actions was motivated by any sense of personal gain or desire to ruin the plaintiff as an end in itself. In any event, it is doubtful that the second cause of action was sufficient as pleaded since it contains merely bald, conclusory allegations without stating the facts upon which the pleader relied (see *Roberts v Finkel,* 46 AD2d 878; *Foley v D'Agostino,* 21 AD2d 60, 63). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.