OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversal of so much thereof as dismissed the cause of action against the association and that matter remitted to the Appellate Division for consideration of the facts (CPLR 5613), without costs, and, as so modified, the order should be affirmed, with costs to the individual defendants.
We cannot conclude as a matter of law that there was no evidence to support the jury’s verdict in favor of plaintiff on the first cause of action for breach of his contract of employment by the association. Stating the issue conversely, to reach such a result would call for a determination as a matter of law that the termination of plaintiff’s employment prior to the expiration of the term of his contract was for "cause” within the meaning of the contract provision. Only two grounds are urged to support the association’s contention that there was such cause; neither suffices. As to the first — plaintiff’s alleged misuse of his $1,000 annual allowance for the purchase of life and accident insurance rather than for health and disability insurance — the jury’s verdict in favor of plaintiff on the counterclaim based on this transaction forecloses the conclusion that this event constituted cause for his discharge as a matter of law. As to the second — the failure of plaintiff to appear at the hearing scheduled by the board of directors — such nonappearance could scarcely be characterized as a breach of contract. The contract provision for a pretermination hearing was for plaintiff’s benefit and he was at liberty to waive it.
As to the second cause of action against the individual defendants in tort for inducing a breach of the employment contract by the association, we agree with the Appellate Division that there was no evidence to sustain the jury’s *915 verdict for plaintiff. A "director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation’s promise being broken” (Matter of Brookside Mills [Raybrook Textile Corp.], 276 App Div 357, 367). "[A] corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer * * * [and did not commit] independent torts or predatory acts directed at another” (Buckley v 112 Cent. Park South, 285 App Div 331, 334). There is no evidence in this record of any independently tortious conduct on the part of any of the individual defendants.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order modified, without costs, in accordance with the memorandum herein and the case remitted to the Appellate Division, Second Department, for consideration of the facts with respect to the cause of action against respondent Yonkers Child Care Association, Inc., and, as so modified, affirmed, with costs to the individual respondents against appellant.