■ VINCENT K. MURTHA, Respondent, v YONKERS CHILD CARE ASSOCIATION, Appellant, et al., Defendants.—In an action to recover damages predicated on theories of breach of contract and conspiracy to interfere with that contract, the appeal is from a judgment of the Supreme Court, Westchester County, dated August 26, 1976, which is in favor of the plaintiff and against the defendants. By order dated November 21, 1977, this court reversed the judgment, on the law, and dismissed the complaint *(Murtha v Yonkers Child Care Assn.,* 59 AD2d 925). On October 24, 1978 the Court of Appeals modified the order of this court by reversing so much thereof as dismissed the first cause of action, which was against the Yonkers Child Care Association, and remitted the case to this court for consideration of the facts with respect to that cause of action (45 NY2d 913). Judgment reversed insofar as it is against defendant Yonkers Child Care Association, on the facts, and, as between plaintiff and said defendant, action severed and new trial granted, with costs to abide the event. In our opinion, a retrial of the first cause of action is warranted due to the apparent confusion of the jury in reaching the verdict. Moreover, in our opinion, the verdict on the first cause of action was against the weight of the evidence. On the record before us, there was insufficient evidence to support the jury's finding that plaintiff had been wrongfully removed. Rather, the credible testimony suggests that he was removed from his position of employment with the association because of dissatisfaction with his performance. There was testimony by plaintiff's superiors that he was not doing a good job due to his frequent absences from the center. Also, it was felt that plaintiff, who was doing consulting work for the Urban Development Corporation (UDC) while engaged as the full-time director of the center, was engaged in a conflict of interest. When questioned about his relationship with the UDC, plaintiff was evasive in his answers. Accordingly, there should be a new trial on the first cause of action. Titone, Rabin and Margett, JJ., concur.

Mollen, P. J., dissents and votes to affirm the judgment insofar as it is against defendant Yonkers Child Care Association, with the following memorandum: In an action by an employee for breach of an employment contract, the plaintiff is merely required to plead and prove the existence of the contract, its terms, the fact of his discharge prior to term and his damages as a result of the discharge *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682, 685-686; *Wegman v Dairylea Coop.,* 50 AD2d 108, mot for lv to app dsmd 38 NY2d 918). It is undisputed that the plaintiff met that burden. Consequently, the burden passed to the defendant employer to plead and prove facts establishing proper cause for the termination of the contract *(Linton v Unexcelled Fireworks Co.,* 124 NY 533, 537-538; *Williams v Action for a Better Community,* 51 AD2d 876, mot for lv to app den 39 NY2d 708). The only ground pleaded by the association in its answer as justification for

the termination was the alleged misuse by the plaintiff of $1,000 of corporate funds, an issue which the Court of Appeals has held may not be decided in the association's favor as a matter of law *(Murtha v Yonkers Child Care Assn.,* 45 NY2d 913). Thus, there having been sufficient evidence to present that factual issue to the jury, the verdict should be upheld. The association's belated argument that there were other grounds for dissatisfaction with plaintiff's performance in justification of its termination of his services is untenable. It never confronted plaintiff with its alleged dissatisfaction, never afforded him a hearing as provided by the contract provisions (thus precluding him from answering or refuting such claimed dissatisfaction) and never pleaded such allegations in its answer. Therefore, this court may not rely upon such proof in holding that the verdict was against the weight of the evidence. Moreover, I cannot agree with the majority's finding that confusion on the part of the jury warrants reversal and a new trial as to the first cause of action. An examination of the transcript of the colloquy between the jury foreman and the trial court reveals that the foreman displayed no confusion whatever on the issue of the liability of the association and that the damages portion of the verdict was reached after five minutes of additional deliberations by the jury. Any confusion which was displayed related to the verdict on the second cause of action, which is not before the court on this remand.