■ CITICORP RETAIL SERVICES, INC., Plaintiff, v WELLINGTON MERCANTILE SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RICHARD S. BRADDOCK et al., Third-Party Defendants-Appellants. — In an action to recover damages for breach of contract, the third-party defendants appeal from so much of an order of the Supreme Court, Suffolk County (Stark, J.), entered March 3, 1982, as denied their motion to dismiss the third-party complaint and granted third-party plaintiff's cross motion for leave to amend the third-party complaint in accordance with the "second amended answer, counterclaims and third-party action". Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, motion to dismiss granted and cross motion to amend denied, without prejudice to an application at Special Term by the third-party plaintiff for leave to serve a new third-party complaint setting forth specific factual allegations that the third-party defendants acted for personal profit or committed independently tortious acts. The application shall be made within 30 days after service upon the third-party plaintiff by the third-party defendants of a copy of the order to be made herein, with notice of entry. Sued for breach of contract, defendant Wellington Mercantile Services, Inc. (WMS) commenced a third-party action against five individual third-party defendants, who were purportedly officers or employees of plaintiff, Citicorp Retail Services, Inc. (CRSI) or its affiliate, alleging that they wrongfully and with the intent of furthering their individual pecuniary interests and other personal gains to the detriment of the interests of CRSI and WMS, thwarted an agreement between the parties and induced CRSI to breach the agreement. The third-party plaintiff alleged numerous particular breaches by the third-party defendants, including, *inter alia,* their preventing CRSI from delivering accounts of the character and quality represented in prior samplings, and from delivering addresses of account customers, account histories, accurate balances, and other pertinent information that CRSI had contracted to provide. These allegations failed to state a cause of action against the third-party defendants and their motion to dismiss the third-party complaint pursuant to CPLR 3211 (subd [a], par 7) should have been granted. Officers, directors or employees of a corporation do not become liable to one who has contracted with the corporation for inducing the corporation to breach its contract merely because they have made decisions and taken actions that resulted in the corporation's breaching its contract (*Matter of Brookside Mills [Raybrook Textile Corp.],* 276 App Div 357, 367). The rule in New York is that " '[A] corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer * * * [and did not commit] independent torts or predatory acts directed at another' " (*Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915, quoting with approval *Buckley v 112 Cent. Park South,* 285 App Div 331, 334). Although WMS has alleged specific wrongful acts on the part of the third-party defendants, it has not sufficiently alleged that their acts were taken outside the scope of their employment or that they personally profited from their acts. It has alleged that the third-party

defendants induced the breach to discredit and reduce the power of another officer, but there is nothing in the record to indicate that their alleged vendetta amounted to more than ordinary corporate infighting. To hold officers or employees liable for causing their corporation to breach its contract, it is not sufficient merely to allege, in conclusory form, that they acted for personal profit or committed independently tortious acts (see *Di Nardo v L & W Ind. Park of Buffalo,* 74 AD2d 736; *Roberts v Finkel,* 46 AD2d 878; *Rothschild v World-Wide Autos. Corp.,* 24 AD2d 861, affd 18 NY2d 982). For the same reason the third-party complaint at bar also fails to state a proper indemnity claim under CPLR 1007. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.