OPINION OF THE COURT
Memorandum.
The order of the Appellate Division insofar as appealed from should be reversed and the complaint dismissed, with costs.
The Trial Judge awarded plaintiff judgment against the individual defendants and two corporations for $39,000 as the value of plaintiff’s one-third interest in the corpora *969 tions and $31,200 as salary to which plaintiff would have been entitled during the 52 weeks following his discharge, and otherwise dismissed the complaint. The individual defendants appeal pursuant to our leave.
The salary award against the individuals cannot stand because the proof establishes no more than an employment by the corporation. Nor, although there was a motion to conform the pleadings to the proof at the end of the trial, can the salary award be sustained on the theory of interference with contractual relations. A corporate officer is not personally liable for causing the corporation to terminate an employment contract “unless his activity involves individual separate tortious acts” (A. S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 378; accord Murtha v Yonkers Child Care Assn., 45 NY2d 913). The Trial Judge held these defendants liable notwithstanding his conclusion that whether plaintiff was discharged for cause was irrelevant.
Equally infirm is the award for the value of plaintiff’s interest in the corporation. The predicate for the award was that defendants had offered to buy out plaintiff but no agreement as to the value of his interest had been reached. There thus having been no agreement reached, there was no contract basis for the award made. Nor did sections 1104-a and 1118 of the Business Corporation Law authorize determination of value by the Trial Judge. Those sections authorize a determination of value only in an action for dissolution of the corporation. No such cause of action was involved in the present action.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order insofar as appealed from reversed, with costs, and complaint dismissed as against defendants-appellants in a memorandum.