■ COURAGEOUS SYNDICATE, INC., et al., Appellants, v PEOPLE-TO-PEOPLE SPORTS COMMITTEE, INC., et al., Respondents.— In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs Courageous Syndicate, Inc. and Leonard M. Greene appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 26, 1987, as (1) denied their cross motion for leave to amend the complaint, and (2) granted those branches of the defendants' motion which were for summary judgment dismissing the complaint as against the defendant Leonard Milton personally, and for a protective order with respect to the production of certain documents sought from the defendant People-To-People Sports Committee, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is without question that motions to amend pleadings "shall be freely given upon such terms as may be just with the decision to allow or disallow the amendment committed to the court's discretion" *(Rothfarb v Brookdale Hosp.,* 139 AD2d 720, 721-722, citing CPLR 3025 [b]; *Barnes v County of Nassau,* 108 AD2d 50, 52; *Koch v St. Francis Hosp.,* 112 AD2d 142; *Scarangello v State of New York,* 111 AD2d 798). Moreover, " '[w]hile a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny leave to amend in the absence of an inordinate delay and a showing of prejudice' " *(Rothfarb v Brookdale Hosp., supra,* at 722, quoting from *Scarangello v State of New York, supra,* at 799). " '[I]t is likewise true that the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt' " *(Roth-*

*farb v Brookdale Hosp., supra,* at 722, quoting from *Norman v Ferrara,* 107 AD2d 739, 740). However, when such an examination is necessary, leave to amend should be denied where "the amendment sought is palpably improper or insufficient as a matter of law" *(Barnes v County of Nassau, supra,* at 52).

This court has repeatedly observed that "no cause of action to recover damages for fraud arises when the only fraud charged relates to a breach of contract" *(Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425; *see, Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320; *Gould v Community Health Plan,* 99 AD2d 479). In the case at bar, the plaintiffs' proposed third cause of action alleges, essentially, that the defendants fraudulently induced them to enter into the contract when the defendants had no intention of abiding by its terms. Accordingly, leave to amend was properly denied "[s]ince the cause of action at issue here does not allege the breach of a duty extraneous to, or distinct from the contract between the parties" *(Edwil Indus. v Stroba Instruments Corp., supra; see, North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403).

Additionally, the court properly dismissed the complaint as against the defendant Leonard Milton personally. Generally, a " 'director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken' " *(Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915, *on remand* 69 AD2d 813, quoting from *Matter of Brookside Mills [Raybrook Textile Corp.],* 276 App Div 357, 367; *see, Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622, 623; *Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532). Moreover, " '[A] corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith * * * [and did not commit] independent torts or predatory acts directed at another' " *(Murtha v Yonkers Child Care Assn., supra,* at 915, quoting from *Buckley v 112 Cent. Park S.,* 285 App Div 331, 334). The complaint must allege that the officers' or directors' "acts were taken outside the scope of their employment or that they personally profited from their acts" *(Citicorp Retail Servs. v Wellington Mercantile Servs., supra,* at 532). We find that, although entitled "fraud", the plaintiffs' second cause of action merely

states a breach of contract claim and, furthermore, that the allegations contained therein do not represent that the defendant Leonard Milton "acted for personal profit or committed independently tortious acts" *(Citicorp Retail Servs. v Wellington Mercantile Servs., supra,* at 533; *Handy v Geften Realty,* 129 AD2d 556, 557; *Conway v Bayley Seton Hosp.,* 104 AD2d 1018, 1019).

Finally, we find the document demand in question to be palpably improper, as the information sought relating to golf competitions sponsored by the defendants is not relevant to the issue in this case. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.