■ S.F.P. REALTY CORP., Appellant, v G. S. ROCKAWAY DEVELOPMENT, INC., et al., Defendants, and SHELDON LOBEL, Respondent. [614 NYS2d 443] —In a mortgage foreclosure action, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), entered October 14, 1992, which granted the motion of the defendant Sheldon Lobel to dismiss the plaintiff's third cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff alleges, among other things, that its third cause of action sufficiently alleges a tortious interference by the defendant Sheldon Lobel in the contract between the corporate defendants, G. S. Rockaway Development, Inc., and Seagirt Atlantic Realty Corp., and the plaintiff, so as to hold Lobel personally liable. The defendants Lobel and David Guela were the sole shareholders, directors, and officers of the above-named corporate defendants. The actions taken by Lobel which created the breach of contract between the plaintiff and the corporate defendants were clearly done in his corporate capacity, and no independent tort or predatory acts directed at another have been alleged. Thus, Lobel cannot be held liable on the theory that he induced the breach of contract *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *Gottehrer v Viet-Hoa Co.,* 170 AD2d 648, 649; *Citicorp Retail Servs. v Wellington Merchantile Servs.,* 90 AD2d 532). We also find that the plaintiff's third cause of action does not sufficiently allege a fraud on the part of Lobel because the only fraud charged relates to the breach of contract *(see, Courageous Syndicate v People-to-People Sports Comm.,* 141 AD2d 599, 600; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425).

We have examined the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.