■ LAWRENCE LERMAN, Respondent, v NORTHEAST PERMANENTE MEDICAL GROUP, P. C., et al., Appellants. [622 NYS2d 764] —In an action to recover damages for breach of contract, the

defendants appeal from a judgment of the Supreme Court, Westchester County (Walsh, J.H.O.), dated February 22, 1993, which, after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $9,125.25.

Ordered that the judgment is modified, on the law, by (1) deleting therefrom the provisions in favor of the plaintiff and against the appellants Barney D. Newman, M.D., Adrienne Weiss-Harrison, M.D., and William Zarowitz, M.D., and (2) deleting therefrom the words "with interest thereon from the 30th day of September, 1989," and substituting therefor the words "with interest thereon from December 31, 1989"; as so modified, the judgment is affirmed, without costs or disbursements.

The trial court's finding that Northeast Permanente Medical Group, P. C. was liable for breach of contract is supported by the evidence. We modify the judgment, however, because the individual defendants Barney D. Newman, M.D., Adrienne Weiss-Harrison, M.D., and William Zarowitz, M.D., who were members of the corporate defendant's board of directors, cannot be held liable merely because they were board members (see, Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915).

As the earliest ascertainable date that the plaintiff's cause of action existed was December 31, 1989, when the "divisible surplus" was distributed, interest must be computed from that date (see, CPLR 5001 [b]). Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.