■ JACK BRITVAN, Appellant, v SUTTON & EDWARDS, INC., et al., Respondents, et al., Defendants. [641 NYS2d 110] —In an action, *inter alia,* to recover a real estate broker's commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated June 12, 1995, as granted the motion of the defendants Sutton & Edwards, Inc., and Herbert Agin for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the defendant Sutton & Edwards, Inc. (hereinafter Sutton), as a licensed real estate broker from 1982 to 1987. In 1984, the plaintiff successfully negotiated a lease between the defendants First Card Services, Inc. (hereinafter First Card), and Reckson Associates (hereinafter Reckson) for office space in Nassau County. Pursuant to the plaintiff's employment agreement, Sutton paid the plaintiff 20% of the real estate broker's commission that Reckson paid to Sutton upon signing the lease.

In 1993, First Card and Reckson entered into another lease for the same office space. The plaintiff commenced this action to recover 20% of the commission that Reckson paid to Sutton upon signing the 1993 lease. Also, the plaintiff alleged that the defendant Herbert Agin, an officer of Sutton, tortiously interfered with his employment contract. After granting Agin's application to vacate his default in answering the complaint *(see, Britvan v Sutton & Edwards,* 226 AD2d 491 [decided herewith]), the Supreme Court granted the motion of Sutton and Agin for summary judgment dismissing the complaint insofar as it is asserted against them.

We agree with the Supreme Court that the employment agreement between the plaintiff and Sutton required First Card to exercise its option to renew the 1984 lease upon the same terms, covenants, and conditions as the 1984 lease and the renewal clause of that lease in order for the plaintiff to be

entitled to another commission. Virtually all of the terms of the 1993 lease are different from the terms of the 1984 lease, except that both leases are for 108,000 square feet of office space. Indeed, First Card signed the 1993 lease with Sutton as the broker only after giving Reckson notice of its intention not to renew the 1984 lease and inviting Sutton and other real estate brokers to represent it. Due to the vast differences between the two leases, we find that the plaintiff, as a matter of law, is not entitled to another commission since the 1993 lease is not a renewal of the 1984 lease.

We agree with the Supreme Court's determination that the plaintiff failed to proffer any evidence, other than conclusory allegations, that Agin acted outside the scope of his employment as an officer of Sutton, that he personally profited from the transaction in question, or that he committed any independently tortious acts (see, Courageous Syndicate v People-to-People Sports Comm., 141 AD2d 599).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.