■ HERBERT C. SILBERMAN et al., Appellants, v ANDREW SULNER et al., Respondents. [646 NYS2d 199] —Crew III, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered October 19, 1994 in Sullivan County, which, *inter alia*, partially granted defendants' motion to dismiss the complaint, and (2) from an order of said court, entered January 10, 1995 in Sullivan County, which, upon reargument, *inter alia*, granted defendants' motion to dismiss the complaint in its entirety.

In December 1992, plaintiff Vera Kessler engaged the services of defendant Andrew Sulner, a nationally known forensic document examiner, and defendant Richard L. Brunelle, an expert in the area of ink and document dating, to provide expert testimony on her behalf in an action then pending in Supreme Court, Kings County. Prior to trial, Kessler apparently was represented by plaintiff Herbert C. Silberman and, according to Silberman, Sulner agreed to provide expert testimony at trial for the sum of $2,000 and Brunelle agreed to furnish similar services for the sum of $3,000. According to Sulner and Brunelle (hereinafter collectively referred to as defendants), the aforementioned sums merely represented their respective retainers. On the eve of testifying, defendants allegedly demanded additional sums from plaintiffs; specifically, Sulner is alleged to have demanded an additional $4,000 for himself and an additional $2,400 for Brunelle. Defendants testified as scheduled and Silberman tendered the additional funds allegedly requested, but the checks in question were returned for insufficient funds. Following unsuccessful collection efforts, defendants reported Silberman's conduct to the Bar Association's Grievance Committee for the Tenth Judicial District

which, the record reflects, ultimately found in favor of defendants.*

Plaintiffs thereafter commenced this action against defendants setting forth causes of action sounding in fraud, intentional infliction of emotional distress and conspiracy. Defendants moved to dismiss the complaint and requested sanctions pursuant to 22 NYCRR 130-1.1. By order entered October 19, 1994 Supreme Court, *inter alia*, dismissed the second and third causes of action for intentional infliction of emotional distress and conspiracy. Although finding that plaintiffs also failed to state a cause of action for fraud, Supreme Court declined to dismiss the complaint in its entirety, reasoning that the first cause of action stated a claim for breach of contract. Defendants thereafter moved to reargue with respect to Supreme Court's failure to dismiss the first cause of action and to award sanctions. Upon reargument, Supreme Court adhered to its original decision as to sanctions but dismissed the breach of contract cause of action based upon plaintiffs' failure to allege damages. These appeals by plaintiffs followed.

We affirm. As a starting point, we perceive no error in Supreme Court's decision to dismiss the first cause of action. In this regard, it is well settled that " 'no cause of action to recover damages for fraud arises when the only fraud charged relates to a breach of contract' " (*Courageous Syndicate v People-To-People Sports Comm.*, 141 AD2d 599, 600, quoting *Edwil Indus. v Stroba Instruments Corp.*, 131 AD2d 425). Plaintiffs have not alleged that they were fraudulently induced to enter into the alleged oral agreement with defendants (*compare, RKB Enters. v Ernst & Young*, 182 AD2d 971, 972), and their conclusory allegations are insufficient to state a cause of action for fraud in any event. Nor do we have any quarrel with Supreme Court's decision, upon reargument, to dismiss the cause of action for breach of contract.

With respect to the second cause of action for intentional infliction of emotional distress, the record reveals that Supreme Court properly determined that this particular claim indeed was barred by the applicable Statute of Limitations. Finally, as to the third cause of action for conspiracy to commit a prima facie tort, which is based upon defendants' referral of this matter to the Grievance Committee, we need note only that plaintiffs failed to, *inter alia*, set forth sufficient facts to establish that defendants sole motive for contacting the Grievance Committee was " 'disinterested malevolence' " (*Quail Ridge*

---

* It also appears that Silberman agreed to make restitution to defendants.

*Assocs. v Chemical Bank*, 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936). The parties' remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.