■ NORMAN MARANGA, Appellant, v MCDONALD & T. CORP. et al., Defendants, and ROMAN FAJNGOLD, Respondent. [777 NYS2d 732]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals from so much of an order

of the Supreme Court, Kings County (Ambrosio, J.), dated April 7, 2003, as granted the motion of the defendant Roman Fajngold pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*see Schneider v Hand,* 296 AD2d 454 [2002]).

Where a principal of a corporation expressly signs a contract in his or her capacity as an officer of the corporation, unless he or she purports to personally bind him or herself, he or she will not be held personally liable under the contract (*see Gordon v Teramo & Co.,* 308 AD2d 432 [2003]; *Westminster Constr. Co. v Sherman,* 160 AD2d 867 [1990]).

The complaint did not allege that the defendant Roman Fajngold signed the subject lease in other than his corporate capacity as president of the defendant McDonald & T. Corp. (hereinafter M & T Corp.) or that he continued to hold corporate property after the dissolution of M & T Corp. Accordingly, the Supreme Court properly dismissed the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action insofar as asserted against him since the plaintiff sought to hold Fajngold personally liable for allegedly breaching the subject lease. Altman, J.P., H. Miller, Adams and Skelos, JJ., concur.