■ Philip Kats et al., Appellants, v East 13th Street Tifereth Place, LLC, et al., Respondents. [900 NYS2d 362]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated November 18, 2008, which granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Rychik Development Corporation and Sam Rychik.

Ordered that the order is affirmed, with costs.

Upon a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed in the light most favorable to the plaintiff, accepting the facts as alleged to be true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 159 [2010]).

Here, the plaintiffs failed to state a cause of action against the defendants Rychik Development Corporation (hereinafter RDC) and Sam Rychik. In their complaint, the plaintiffs alleged various claims, including breach of contract and fraud, against the defendant East 13th Street Tifereth Place, LLC (hereinafter the Seller), arising from their purchase of condominium units from the Seller. Rychik is a member of the Seller, and an officer and shareholder of RDC, which built the condominium units. The plaintiffs contend that their complaint adequately states a basis for imposing liability on Rychik and RDC for the causes of action they asserted against the Seller on a theory that those defendants induced the Seller to breach the sales contracts for their own profit.

Contrary to the plaintiffs' contention, the liability of RDC cannot be premised on the theory they propound, which is an exception to the general rule of immunity for corporate officers, and not for entities, who act in good faith in their corporate capacity (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565 [1998]). Nor does the complaint adequately allege this basis of liability against the individual defendant Rychik. "To hold officers or employees liable for causing their corporation to breach its contract, it is not sufficient merely to allege, in conclusory form, that they acted for personal profit or com-

mitted independently tortious acts" (*Citicorp Retail Servs. v Wellington Mercantile Servs.*, 90 AD2d 532, 533 [1982]). The conclusory allegations in the complaint establish, at most, that Rychik might derive a financial benefit as a stockholder of the Seller, which is insufficient to establish that his predominant motive was to obtain an individual pecuniary benefit, rather than to advance the interests of the corporation (*see Ruti v Knapp*, 193 AD2d 662, 663 [1993]; *Rothschild v World-Wide Automobiles Corp.*, 24 AD2d 861 [1965]). The acts and omissions attributed to Rychik which form the basis of the breach of contract claim were committed in his capacity as a corporate officer, and the plaintiffs have failed to adequately allege independent torts. Thus, the plaintiffs have not stated a cause of action holding Rychik personally liable on the theory that he induced the breach of contract for personal gain (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 23; *S.F.P. Realty Corp. v G.S. Rockaway Dev.*, 206 AD2d 417 [1994]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.