■ JAMES STERN, Appellants-Respondents, v H. DiMARZO, INC., et al., Respondents-Appellants. (And a Third-Party Action.) [909 NYS2d 480]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated December 8, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action in the amended verified complaint insofar as asserted against the defendants Harry DiMarzo and Joseph Duffy, and the defendants cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants.

"[P]ersons may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts" (*Wiernik v Kurth*,

59 AD3d 535, 537 [2009]; *see Maranga v McDonald & T. Corp.*, 8 AD3d 351, 352 [2004]; *Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868 [1990]). Furthermore, "[o]fficers, directors or employees of a corporation do not become liable to one who has contracted with the corporation for inducing the corporation to breach its contract merely because they have made decisions and taken actions that resulted in the corporation's breaching its contract" (*Citicorp Retail Servs. v Wellington Mercantile Servs.*, 90 AD2d 532, 532 [1982]; *see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 108-109 [2002]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]; *Greyhound Corp. v Commercial Cas. Ins. Co.*, 259 App Div 317, 319 [1940]; *see also* 14A NY Jur 2d, Business Relationships § 779). "[W]hen an officer or director acts on behalf of his [or her] corporation, he [or she] may not be held liable for inducing [the] corporation to violate its contractual obligations unless his [or her] activity involves separate tortious conduct or results in personal profit" (*Di Nardo v L & W Indus. Park of Buffalo*, 74 AD2d 736 [1980]; *see Robbins v Panitz*, 61 NY2d 967, 969 [1984]; *Murtha v Yonkers Child Care Assn.*, 45 NY2d at 915; *Britvan v Sutton & Edwards*, 226 AD2d 490, 491 [1996]; *Courageous Syndicate v People-To-People Sports Comm.*, 141 AD2d 599, 600 [1988]; *Citicorp Retail Servs. v Wellington Mercantile Servs.*, 90 AD2d at 532; *Rothschild v World-Wide Automobiles Corp.*, 24 AD2d 861 [1965], *affd* 18 NY2d 982 [1966]; *Buckley v 112 Cent. Park S., Inc.*, 285 App Div 331, 334 [1954]).

The defendants Harry DiMarzo and Joseph Duffy (hereinafter together the defendants) demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first cause of action alleging breach of contract insofar as asserted against them. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d at 915; *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d at 108-109; *Britvan v Sutton & Edwards*, 226 AD2d at 491; *Courageous Syndicate v People-To-People Sports Comm.*, 141 AD2d at 600; *Citicorp Retail Servs. v Wellington Mercantile Servs.*, 90 AD2d at 532; *Di Nardo v L & W Indus. Park of Buffalo*, 74 AD2d 736 [1980]; *Rothschild v World-Wide Automobiles Corp.*, 24 AD2d at 861). Accordingly, the Supreme Court properly awarded summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants also demonstrated their prima facie entitle-

ment to judgment as a matter of law dismissing the third cause of action alleging unjust enrichment insofar as asserted against them. Since the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly awarded summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against the defendants (*see Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491 [2008]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]). Covello, J.P., Leventhal, Hall and Roman, JJ., concur.