■ Ira Baer, Appellant, v Complete Office Supply Ware-house Corp., Doing Business as International Coffee Systems, Inc., et al., Respondents. [934 NYS2d 179]—

In May 2007 the plaintiff and the defendant Complete Office Supply Warehouse Corp., doing business as International Coffee Systems (hereinafter Complete), entered into an employment agreement. Specifically, Complete hired the plaintiff, an experienced coffee and beverage services and products sales-man, as its director of business development. The agreement contained, inter alia, a description of the plaintiff's duties, work locations, and hours, as well as a provision allowing Complete to terminate the plaintiff's employment for cause if, among other things, he breached any of the material provisions of the agreement. An exhibit annexed to the agreement set forth the details of the plaintiff's compensation and contained an additional termination clause. It provided that Complete had cause to terminate the plaintiff's employment if he failed to meet certain gross sales goals for new customers. In a letter dated May 22, 2009, the defendant Mark Cordovi, Complete's president, terminated the plaintiff's employment on the ground that he consistently failed to meet the performance thresholds.

In July 2009 the plaintiff commenced this action against Complete and Cordovi. Thereafter, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the fourth, fifth, sixth, seventh, eighth, ninth, and twelfth causes of action insofar as asserted against Complete, and pursuant to CPLR 3211 (a) (1)

and (7) to dismiss the complaint insofar as asserted against Cordovi. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth, fifth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against Complete, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the fourth, fifth, sixth, seventh, eighth, ninth, and twelfth causes of action insofar as asserted against Cordovi. We affirm the order insofar as appealed from.

The Supreme Court properly determined that the fourth cause of action failed to state a cause of action alleging fraudulent inducement against the defendants. The plaintiff failed to adequately plead that the defendants harbored a present intent to deceive him but, rather, alleged only that they misrepresented their intention to perform in the future under the contract (see J.M. Bldrs. & Assoc., Inc. v Lindner, 67 AD3d 738, 741-742 [2009]; Mañas v VMS Assoc., LLC, 53 AD3d 451, 453-454 [2008]).

Moreover, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action alleging breach of the covenant of good faith and fair dealing. As pleaded, the fifth cause of action is duplicative of the cause of action alleging breach of contract (see Barker v Time Warner Cable, Inc., 83 AD3d 750, 752 [2011]; Deer Park Enters., LLC v Ail Sys., Inc., 57 AD3d 711, 712 [2008]).

The Supreme Court also properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action alleging negligent misrepresentation, the seventh cause of action alleging breach of fiduciary duty, the eighth cause of action to impose a constructive trust and for an accounting, and the ninth cause of action alleging constructive fraud against the defendants. Contrary to the plaintiff's contention, the complaint failed to plead facts demonstrating the existence of a special, confidential, or fiduciary relationship (see Schenkman v New York Coll. of Health Professionals, 29 AD3d 671, 672 [2006]; Vitale v Steinberg, 307 AD2d 107, 108-110 [2003]; WIT Holding Corp. v Klein, 282 AD2d 527, 528-529 [2001]).

Further, the plaintiff failed to state a cause of action for holding Cordovi personally liable on the theory that he induced Complete's alleged breach of the plaintiff's employment agreement. "A corporate officer is not personally liable for causing the corporation to terminate an employment contract unless his

activity involves individual separate tortious acts" (*Robbins v Panitz*, 61 NY2d 967, 969 [1984] [internal quotation marks omitted]; *see Stern v H. DiMarzo, Inc.*, 77 AD3d 730, 731 [2010]). The acts and omissions attributed to Cordovi "were committed in his capacity as a corporate officer, and the plaintiff[ ] failed to adequately allege independent torts" (*Kats v East 13th St. Tifereth Place, LLC*, 73 AD3d 706, 708 [2010]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the twelfth cause of action against Cordovi.

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Belen, Roman and Miller, JJ., concur.