■ TRAVELSAVERS ENTERPRISES, INC., Doing Business as TRAVELSAVERS PARTNER SERVICES, Appellant, v ANALOG ANALYT-ICS, INC., et al., Respondents, et al., Defendant. [53 NYS3d 99]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered December 4, 2015, as denied its cross motion to compel the production of additional documents, (2) an order of the same court entered February 24, 2016, which granted the motion of the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, for summary judgment dismissing the first and third causes of action, and (3) a judgment of the

same court entered March 17, 2016, which, upon an order of the same court entered July 22, 2014, granting those branches of the motion of the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, which were pursuant to CPLR 3211 (a) to dismiss the second, fourth, fifth, sixth, and seventh causes of action insofar as asserted against them, and to strike the plaintiff's demands for damages in excess of damages recoverable pursuant to a damages limitation clause in the contract, and granting the motion of the defendant Kenneth Kalb to dismiss the complaint insofar as asserted against him, and upon the order entered February 24, 2016, is in favor of the defendants Analog Analytics, Inc., Barclays Bank Delaware, Barclays, PLC, and Kenneth Kalb and against it dismissing the complaint insofar as asserted against them.

Ordered that the appeals from the orders entered December 4, 2015, and February 24, 2016, are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the first, second, fifth, sixth, and seventh causes of action insofar as asserted against the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, and striking the plaintiff's demands for damages in excess of damages recoverable pursuant to a damages limitation clause in the contract; as so modified, the judgment is affirmed, those branches of the motion of the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, which were pursuant to CPLR 3211 (a) to dismiss the second, fifth, sixth, and seventh causes of action insofar as asserted against them, and to strike the plaintiff's demands for damages in excess of damages recoverable pursuant to a damages limitation clause in the contract, and that branch of the motion of the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, which was for summary judgment dismissing the first cause of action are denied, the first, second, fifth, six, and seventh causes of action are reinstated against the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC, and the orders entered July 22, 2014, and February 24, 2016, are modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants Analog Analytics, Inc., Barclays Bank Delaware, and Barclays, PLC.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248

[1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In January 2012, the plaintiff, a travel marketing company, entered into a contract with the defendant Analog Analytics, Inc. (hereafter Analog), in which they agreed to work together to advertise and market travel deals to consumers through electronic and other media. The defendant Kenneth Kalb is the former chief executive officer of Analog. The defendant Barclays Bank Delaware acquired Analog in May 2012. The defendant Barclays, PLC, is the corporate parent of Barclays Bank Delaware and Analog.

The plaintiff claims that Analog misrepresented its capabilities prior to entering into the contract. Following the execution of the contract, the plaintiff made technical personnel available to Analog to enable electronic communication between marketing systems. The plaintiff claims that Analog failed to distribute offers prepared by the plaintiff, and ultimately attributed its inability to perform to the fact that it was required to cater to the needs of its parent companies. The plaintiff further alleges that Analog then engaged in competition with the plaintiff, allegedly using the plaintiff's trade secrets.

The plaintiff commenced this action asserting, inter alia, causes of action alleging breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, fraudulent inducement, unjust enrichment, misappropriation of trade secrets, and unfair competition. Analog, Barclays Bank Delaware, and Barclays, PLC (hereinafter collectively the defendants), and Kalb separately moved pursuant to CPLR 3211 (a) (7), inter alia, to dismiss the complaint insofar as asserted against each of them. In an order entered July 22, 2014, the Supreme Court granted Kalb's motion to dismiss the complaint insofar as asserted against him, and granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged breach of the covenant of good faith and fair dealing, the fourth cause of action, which alleged fraudulent inducement, the fifth cause of action, which alleged unjust enrichment, the sixth cause of action, which alleged misappropriation of trade secrets, and the seventh cause of action, which alleged unfair competition, insofar as asserted against them. The court further ruled that the plaintiff's damages for breach of contract, alleged in the first cause of action, if any, would be limited by a limitations clause in the contract, and therefore, granted that branch of the defendants' motion which was to

strike the plaintiff's damages in excess of the limitations clause. The court further granted dismissal of the fourth cause of action, which alleged fraudulent inducement, as barred by a disclaimer clause in the contract against representations and warranties not expressly set forth in the contract.

Thereafter, the defendants moved for summary judgment dismissing the first cause of action, which alleged breach of contract, and the third cause of action, which alleged tortious interference with contract insofar as asserted against them. The Supreme Court granted that motion in an order entered February 24, 2016. Judgment was entered accordingly in favor of the defendants and Kalb, dismissing the complaint insofar as asserted against them.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 924 [2014]; *Robertson v Wells*, 95 AD3d 862 [2012]; *Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' " (*Landon v Kroll Lab. Specialists, Inc.*, 91 AD3d 79, 82 [2011], *affd* 22 NY3d 1 [2013], quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Rather, a court must "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88; *see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Contrary to the Supreme Court's conclusion, the cause of action alleging breach of the covenant of good faith and fair dealing is not duplicative of the cause of action alleging breach of contract, or the other causes of action in the complaint, since it alleges that Analog engaged in conduct with Barclays Bank Delaware and its parent corporation to realize gains from the plaintiff, while depriving the plaintiff of all benefits of the contract (*see Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]).

The elements of a cause of action to recover for unjust enrichment are " '(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered' " (*GFRE, Inc. v U.S. Bank, N.A.*, 130 AD3d 569, 570 [2015], quoting *Mobarak v Mowad*, 117 AD3d 998, 1001 [2014]). " '[T]he theory of unjust enrichment lies as a quasi-contract

claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties' " (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012], quoting *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009] [internal quotation marks omitted]). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011], citing *Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]). Here, the plaintiff alleged that Barclays Bank Delaware acquired 100% of the shares of Analog. The complaint further alleged that in usurping and diverting Analog personnel and resources away from the contract, Barclays Bank Delaware obtained the plaintiff's trade secret information that had been shared by the plaintiff in good faith with Analog, using the contract between Analog and the plaintiff as a ruse to do so. These allegations were sufficient, on the motion to dismiss pursuant to CPLR 3211 (a), to support a cause of action to recover damages for unjust enrichment.

Further, the allegations in the complaint were sufficient to state a cause of action to recover damages for unfair competition (*see Parekh v Cain*, 96 AD3d 812, 816 [2012]; *Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439 [2005]) and misappropriation of trade secrets (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]).

However, the cause of action alleging fraudulent inducement was properly dismissed, based upon the disclaimer clause in the contract (*see DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012], citing *Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]). Further, the acts and omissions attributed to Kalb were committed in his capacity as a corporate officer, and the plaintiff failed to adequately allege independent torts committed by him. The plaintiff did not state a cause of action holding him personally liable on the theory that he induced the breach of contract for personal gain (*see Baer v Complete Off. Supply Warehouse Corp.*, 89 AD3d 877, 879 [2011]; *Kats v East 13th St. Tifereth Place, LLC*, 73 AD3d 706, 708 [2010]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Accordingly, the complaint was properly dismissed insofar as asserted against Kalb.

The contract between the plaintiff and Analog provided that "the sole and complete liability of each party to this agreement to the other party under or in connection with the agreement and any offer shall be limited to the amount actually paid or

incurred by or for company under this agreement prior to the date the claim arose." The language of this limitation of liability clause represented the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 436 [1994]), but may not apply to the allegations made here regarding a repudiation of the contract (*see Graphic Scanning Corp. v Citibank*, 116 AD2d 22, 25 [1986]). Accordingly, the Supreme Court erred in determining that any damages ultimately established would be limited by that clause, and in granting that branch of the defendants' motion which was to strike the plaintiff's demands for damages in excess of damages recoverable pursuant to the damages limitation clause.

The defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the breach of contract cause of action insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). While the contract was silent as to a launch date, the law implies a reasonable time for performance (*see Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]). The defendants' submissions in support of their motion failed to establish the absence of triable issues of fact as to whether Analog breached the contract by failing to timely launch the project and as to whether Analog repudiated the contract by failing to honor its exclusivity provision after Analog merged with Barclays Bank Delaware.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which alleged tortious interference with contract insofar as asserted against them. New York law applies in this case because the plaintiff is located in New York and the alleged injury occurred in New York (*see Sondik v Kimmel*, 131 AD3d 1041, 1042 [2015]). "[A] defendant may raise the economic interest defense—that it acted to protect its own legal or financial stake in the breaching party's business" (*White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]). Here, Analog and Barclays Bank Delaware, which had merged with each other, and their parent corporation, met their prima facie burden of demonstrating that any interference with the contract between Analog and the plaintiff was justified by their own economic interests (*see id.* at 426; *E.F. Hutton Intl. Assoc. v Shearson Lehman Bros. Holdings*, 281 AD2d 362 [2001]; *WMW Mach. Co. v Koerber AG.*, 240 AD2d 400, 401 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.