Avramides v Moussa (2018 NY Slip Op 01035)





Avramides v Moussa


2018 NY Slip Op 01035


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5697 155420/15

[*1]Michael Avramides, etc., Plaintiff-Appellant,
v
Sherif Moussa, et al., Defendants-Respondents, 319 E. 50th St. Owners Corp., et al., Nominal Defendants-Respondents.


Knox Law Group, P.C., New York (Daniel Knox of counsel), for appellant.
Kagan Lubic Lepper Finklestein & Gold, LLP, New York (Jesse P. Schwartz of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about February 24, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.
Plaintiff did not sufficiently plead that a pre-suit demand on the director defendants would have been futile (Marx v Akers, 88 NY2d 189, 200-201 [1996]). The amended complaint lacks the necessary particularity to support plaintiff's futility allegations (see Business Corporation Law § 626[c]; Barr v Wackman, 36 NY2d 371, 379 [1975]).
The motion court also correctly found that the amended complaint failed to state a claim against the individual directors, because there are no allegations that the directors committed any independent tortious acts (see Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]). In urging that this requirement now constitutes "abrogated law," plaintiff relies on Fletcher v Dakota, Inc. (99 AD3d 43 [1st Dept 2012]), which held that there is no "safe harbor from judicial inquiry for directors who are alleged to have engaged in conduct not protected by the business judgment rule" (id. at 49). In that case, the directors were alleged to have engaged in racially discriminatory conduct which is not protected by the business judgment rule (id at 50). In contrast, the allegations in this case, however, fall squarely within the protections of the business judgment rule (Konrad v 136 E. 64th St. Corp., 254 AD2d 110 [1st Dept 1998], lv dismissed in part and denied in part 92 NY2d 1042 [1999]).
In the alternative, the motion court correctly held that the language of an earlier release between plaintiff and the defendant cooperative precluded plaintiff's claims related to the building's storm drainage system.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK